133 F.3d 926
 2 Cal. Bankr. Ct. Rep. 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
IN RE CONSOLIDATED PIONEER MORTGAGE ENTITIES, Debtor.
CONSOLIDATED PIONEER MORTGAGE ENTITES; Pioneer Liquidating
Corporation, Plaintiffs-Appellants,
v.
SAN DIEGO TRUST & SAVINGS BANK, Defendant-Appellee.
 No. 96-56046.
 United States Court of Appeals, Ninth Circuit.
 Dec. 24, 1997.
 As Amended on Denial of Rehearing March 17, 1998.
 
 Before GIBSON,** KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the Bankruptcy Appellate Panel's decision affirming two orders of the bankruptcy court.
 
 
 3
 * Pioneer Liquidating Corporation (Pioneer) lacked standing to challenge priority of San Diego Trust & Savings Bank's (the Bank's) lien. The plain language of the Bankruptcy Plan reserves for the investors "any rights or claims ... against third parties." The parol evidence offered by Pioneer was insufficient to generate a genuine issue of material fact. Thus, the Bankruptcy Court properly granted the Bank's summary judgment motion.
 
 
 4
 We are also persuaded that Williams v. California 1st Bank, 859 F.2d 664 (9th Cir.1988), bars standing. The fact that all the investors would benefit in this case does not sufficiently distinguish it from Williams. In this case, as in Williams, the Bankruptcy Code does not contemplate standing. Id. at 666-67. In addition, the Bank's concern that it, will be subject to ongoing litigation weighs against standing. Id. at 667. We therefore affirm the BAP's decision with regard to the bankruptcy court's first order.
 
 II
 
 5
 Pioneer also lacked standing to assert that the Bank seized deposit account funds without proper notice. We affirm the bankruptcy court's and the BAP's finding that Pioneer had no ownership or security interest in the account. Accordingly, the investors were not entitled to notice. Even had they been so entitled, however, Pioneer demonstrated no harm to the investors from the Bank's withdrawal. Dollars were removed from the account at their full value. Notice was unnecessary to ensure a fair market value. We therefore affirm the BAP's affirmance of the bankruptcy court's second order.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3